Rick Klingbeil, OSB #933326
email: rick@klingbeil-law.com
RICK KLINGBEIL, PC
1826 NE Broadway, Second Floor
Portland, OR 97232
Ph: 503-473-8565

of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **DONALD PUCKETT**, an Individual, <br><br> **Plaintiff**, <br> v. <br><br> **STARKIST CO.,** a Delaware corporation, <br><br> **Defendant**. | Case No. <br><br> **CLASS ACTION ALLEGATION COMPLAINT** <br><br> **Fraud** <br> **Unjust Enrichment** <br> **State Unlawful Trade Practices** <br> **Injunctive Relief** <br><br> **JURY TRIAL DEMANDED** |

This is a proposed class action. Plaintiff, for himself and all similarly situated persons currently seeks injunctive relief against Defendant Starkist Co. ("Starkist" or "Defendant"). Plaintiff makes the following allegations based on his information and belief.

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

## SUMMARY OF THE CASE

1.      This case arises from the retail sales of underfilled cans of processed tuna.  The cans at issue contain substantially less tuna by weight than claimed on the label, and less tuna than allowed under 21 C.F.R. §161.190(c), the federal prohibition against "underfilling" or "slack fill".

2.      Defendant sells 12-ounce cans of "Starkist Solid White Albacore Tuna In Water", "Starkist Chunk Light Tuna In Water", "Starkist Solid White Albacore Tuna In Vegetable Oil", and "Starkist Chunk Light Tuna In Vegetable Oil" (individually and collectively, "Accused Product" or "Starkist 12 oz Canned Tuna").

3.      Plaintiff purchased cans of Accused Product during the class period. Each contained substantially less weight of drained tuna (pressed cake) than represented on the label.  The cans of Accused Product were also underfilled based on 21 C.F.R. §161.190(c).

4.      This *Complaint* is filed initially only as a request for equitable relief. Plaintiff has provided the required ORCP 32 H notice to Defendant concurrent with filing this *Complaint*. If more than 30 days pass without the appropriate steps and remedial action by Defendant under ORCP 32 I, Plaintiff will amend this *Complaint* to add claims for money damages pursuant to ORCP 32 J.

## THE PARTIES

5.      Plaintiff / Class and Subclass Representative Donald Puckett ("Plaintiff") is an individual over the age of 18 who at all material times resided in the City of Rainier, Columbia County, Oregon.  Plaintiff purchased one or more

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

cans of Accused Product within Oregon during the class period.

6.     Defendant Starkist is incorporated in Delaware and headquartered at 225 North Shore Drive, Suite 400, Pittsburgh, Pennsylvania, 15212. Starkist processes, packs, and distributes canned seafood products, including tuna.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1367(a) and §1332, because (a) Plaintiff was and is a resident of Oregon and Defendant is a Delaware corporation with its principal place of business in Pennsylvania, and (b) the damage claims exceed $75,000 in the aggregate.

8.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2), the "Class Action Fairness Act." On information and belief, there are over 150,000 Class Members in the proposed Class, over 5,000 members in the proposed Oregon Subclass, the amount in controversy exceeds $5,000,000, and on information and belief more than 95% of the Class and by definition all of the Oregon Subclass are citizens or residents of different states than Defendant.

9.     This Court has personal jurisdiction over Defendant because it does business in the state of Oregon and this District and a significant portion of the wrongdoing alleged in this *Complaint* took place here. Defendant has intentionally availed itself to markets and customers in the state of Oregon and this District through the presence of its products in retail stores, marketing and promotion, and product sales. Defendant has contacts with this state and District sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

10.     Venue is proper within the state of Oregon and this District pursuant

to 29 U.S.C. §1391.

## DEFENDANT'S CONDUCT

__Accused products__

11.     Defendant sells its Starkist branded canned seafood products at

retail stores and outlets throughout the United States. A part of its product line

includes the four Accused Products at issue in this lawsuit:

(a)     Starkist Solid White Albacore Tuna In Water
        Net Wt. 12 oz / Drained Wt. 9 oz; (Fig. 1)

## Figure 1

 

(b)     Starkist Chunk Light Tuna In Water
        Net Wt. 12 oz / Drained Wt. 9 oz; (Fig. 2)

## Figure 2

 

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

      (c)     Starkist Solid White Albacore Tuna In Vegetable Oil,
                 Net Wt. 12 oz / Drained Wt. 9 oz; (Fig. 3)

## Figure 3

 

      (d)     Starkist Chunk Light Tuna In Vegetable Oil
                 Net Wt. 12 oz / Drained Wt. 9 oz; (Fig. 4)

## Figure 4

 

**Noncompliance with statements on label / principal display panel**

      12.     15 U.S.C. Chapter 39, the federal Fair Packaging and Labeling

Program, states: "Informed consumers are essential to the fair and efficient

functioning of a free market economy. Packages and their labels should enable

consumers to obtain accurate information as to the quantity of the contents and

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

should facilitate value comparisons."

13.    The United States Food and Drug Administration ("FDA") has promulgated regulations pursuant to 15 U.S.C. Chapter 39. These include rules related to the front-facing portion of packaging for food sold in a retail environment in the United States. The FDA refers to this as the Principal Display Panel ("PDP"). The PDP is defined by the FDA as "the part of a label that is most likely to be displayed, presented, shown, or examined under customary conditions of display for retail sale." 21 C.F.R. §101.1.

14.    PDPs are required to contain the description of the food within the package (21 C.F.R. §101.3) and net quantity of food (21 C.F.R. §101.7(a)) ("The principal display panel of a food in package form shall bear a declaration of the net quantity of contents.")  The declaration of net quantity is required to be accurate: "The declaration shall accurately reveal the quantity of food in the package exclusive of wrappers and other material packed therewith…." 21 C.F.R. §101.7(g).

15.    The PDPs for the four versions of the Accused Products include the name of the product (i.e. – "StarKist Solid White Albacore Tuna in Water", etc.) and a statement of the quantity of tuna:

> NET WT
> 12 OZ (340 g)
> DRAINED WT
> 9 OZ (255 g)"

Figures 1 – 4, *supra*.

16.    Testing peformed by, and on behalf of Plaintiff to date shows that the Drained Weight of tuna (also called the "pressed cake") within each of the

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

Accused Products was and is significantly less than 9 ounces.

**Noncompliance with 21 C.F.R. §101.7.**

17.    The PDPs on each of the Accused Products states a Drained

Weight of 9 ounces of tuna, which substantially overstates the Drained Weight of

tuna in the cans, in violation of 21 C.F.R. §101.7.

**Underfilling – 21 C.F.R. §161.190(c)**

18.    FDA regulations also address "underfilling" food containers intended

for retail sales. 21 C.F.R. §161.190(c). For containers of the volume used with

the Accused Products (a can with volume of 13.80 avoirdupois ounces of water),

the regulation requires the following minimum Drained Weight (pressed cake) of

tuna over an average of 24 cans:

       Solid Tuna    -    minimum 8.76 ounces,

       Chunk Tuna   -    minimum 7.68 ounces.

19.    Testing performed by, and on behalf of Plaintiff to date shows that

the Drained Weight of tuna within each of the Solid Tuna Accused Products

(Figs. 1 and 3) was significantly less than the 8.76 ounce minimum required by

21 C.F.R. §161.190(c).

20.    Testing peformed by, and on behalf of Plaintiff to date shows that

the Drained Weight of tuna within each of the Chunk Tuna Accused Products

(Figs. 2 and 4) was significantly less than the 7.68 ounce minimum required by

21 C.F.R. §161.190(c).

**Defendant intended to mislead consumers or, alternatively, was recklessly indifferent to the accuracy of its representations.**

21.    Defendant recently faced legal action and claims concerning

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

undefilling of its Starkist branded White Albacore tuna and Chunk Light tuna sold in 5-ounce cans. *Hendricks v. Starkist Co.*, 4:13-cv-00729-HSG (USDC, N. Dist. CA, 2013).

22.    The *Hendricks* action provided notice to Defendant that its Solid White Albacore Tuna and Chunk Light Tuna packaging of all sizes should be checked and the quantities verified against the quantity statements on the PDP, and checked for compliance with the underfill regulations.

23.    Defendant's failure, after the notice provided by the *Hendricks* case, to check and monitor compliance of its Accused Products with its PDP labeling and with the FDA underfilling regulations shows reckless indifference and disregard toward the accuracy of its representations and/or intentional misrepresentation.

## INDIVIDUAL ALLEGATIONS

24.    Plaintiff Don Puckett ("Puckett" or "Plaintiff") is a Columbia County, Oregon resident. At various times within the class period, he purchased one or more of Defendant's Accused Products.

25.    At the time of his purchases, Plaintiff did not know that the cans of Accused Product he purchased significantly overstated the Drained Weight of the tuna, and did not know that it was underfilled and substantially underweight in violation of the FDA underfilling regulations.

26.    The amount of tuna in the cans of Accused Product were material in that a reasonable purchaser, including Plaintiff, would likely have considered them important in making a purchasing decision.

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

27.     Plaintiff would not have purchased the Accused Products, or would have only purchased them at a significantly lower price if the actual and accurate amount of tuna had been disclosed to him on the PDP.

28.     Plaintiff would not have purchased the Accused Products, or would have only purchased them at a significantly lower price if he knew the cans were underfilled and substantially underweight.

## CLASS ALLEGATIONS

29.     Plaintiff brings this action on behalf of himself and all similarly situated persons who purchased one or more of the Accused Products within the United States during the class period, or within any class or sub-class that the Court may determine appropriate for class certification treatment pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

30.     The Class and Subclass of persons that Plaintiff seeks to represent are defined as:

(a)     Nationwide Class:

all persons within the United States who at any time during the applicable class period purchased one or more Accused Products.

(b)     Oregon Subclass:

all Oregon residents who at any time during the applicable class period purchased one or more Accused Products.

31.     Excluded from the National Class and the Oregon Subclass are: (a)

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

Defendant, persons, firms, trusts, corporations, officers, directors, or other individuals or entities in which Defendant has a controlling interest or which is related to or affiliated with Defendant, and any current employees of Defendant; (b) all persons who make a timely election to be excluded from the proposed Class; (c) the judge(s) to whom this case is assigned and any immediate family members thereof; (d) persons or entities who purchased an Accused Product for resale, and (e) the legal representatives, heirs, successors-in-interest or assigns of any excluded party.

32.    Plaintiff's claims on behalf of the National Class are appropriate for class-wide certification and treatment. As class representative Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

33.    Plaintiff's claims as the Oregon Subclass representative are appropriate for sub-class certification and treatment because Plaintiff can prove the elements of his claim on a subclass-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same Oregon Subclass claims.

34.    Numerosity Under Rule 23(a)(1) - Members of the National Class and the Oregon Subclass are so numerous that joinder of all members individually into one action is impractical. On information and belief, the National Class consists of substantially more than 250,000 members, and the Oregon Subclass likely exceeds 7,500 members.

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

35.     Commonality and Predominance under Rule 23(a)(2) and (b)(3) - Common questions of law and fact are shared by Plaintiff and members of the National Class and the Oregon Subclass that predominate over any individual issues.

36.     Common issues of law and fact for the National Class include:

a.     Did the cans of Accused Product contain less drained tuna than was claimed on the PDP?

b.     Were the cans of Accused Product underfilled in violation of 21 C.F.R. §161.190(c)?

c.     Did Defendant act knowingly or with reckless disregard for the truth when it produced and sold Accused Product with significantly less drained tuna than was claimed on the PDP?

d.     Did Defendant act knowingly or with reckless disregard when it produced and sold Accused Product in an underweight and underfilled condition?

e.     Were the cans of Accused Product legal for sale within the United States?

f.     Does Defendant's conduct constitute fraud?

g.     Is the fraud claim in this case otherwise justicable in a nationwide class?

h.     What is the appropriate measure of damages for the fraud claim?

i.     Are punitive damages available for the fraud claim?

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

j.      What statute of limitations applies to the fraud claim?

k.      Has the statute of limitations been tolled for the fraud claim by a discovery rule or otherwise?

l.      Was Defendant unjustly enriched by its conduct in a way that caused harm to Plaintiff and the Class?

m.      Is the unjust enrichment claim justicable in a nationwide class?

n.      What is the statute of limitations for the unjust enrichment claim?

o.      Has the statute of limitations been tolled by the discovery rule or otherwise for the unjust enrichment claim?

p.      What is the appropriate measure of damages or restitution for the unjust enrichment claim?

q.      Is the Class entitled to an injunction or other equitable relief?

r.      What injunctive or equitable relief is appropriate?

s.      What is the proper measure of attorney fees and costs?

37.     Specific to the Oregon Subclass, common questions of law and fact include each of the above, and in addition:

a.      Did Defendant represent that its goods have characteristics, ingredients, uses, benefits, quantities or qualities that they did not have in violation of ORS §646.608(1)(e)?

b.      Did Defendant makes a false or misleading representation of fact concerning the offering price of, or the cost for goods in

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

violation of ORS §646.608(1)(s)?

c.    Did Defendant engage in unfair or deceptive conduct in trade or commerce in violation of ORS §646.608(1)(u)?

d.    Does Oregon law allow incorporation of the federal food labeling rules violated by Defendant (portions of 21 C.F.R. Title 21) as a basis for a violation of ORS §646.608(1)(u)?

e.    Have Oregon Subclass Members sustained an ascertainable loss of money or property?

f.    What is the proper measure of damages under Oregon's Unlawful Trade Practices Act?

g.    Were the Oregon Subclass Members' losses caused by Defendant's reckless or knowing use or employment of a method, act or practice declared unlawful by ORS §646.608?

h.    Does Defendant's misconduct subject it to statutory damages of $200 per violation?

i.    Are exemplary or punitive damages appropriate to address Defendant's violations

j.    What injunctive relief is appropriate under ORS §646.638(8)(c)?

38.    Each of Plaintiff's claims are typical of National Class members' claims.  The legal theories asserted by Plaintiff are the same as the legal theories that will be asserted on behalf of the National Class. Each National Class claim arises from the same type events, practices, and course of conduct by Defendant

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

⸺ the labeling, marketing, and sales of the Accused Products. Standardized representations were made to each putative class member through the standardized PDPs on each can of Accused Product. Further, Plaintiff's damages resulting from his purchase of the Accused Products are typical of the damages suffered by all members of the National Class.

39.    Plaintiff's claims as Subclass Representative for the Oregon Subclass are typical of the claims of the members of the Subclass.  Each of Plaintiff's claims are typical of Oregon Subclass members' claims.  The legal theories asserted by Plaintiff are the same as the legal theories that will be asserted on behalf of the Oregon Subclass. Each Oregon Subclass claim arises from the same type events, practices, and course of conduct by Defendant ⸺ the labeling, marketing, and sales of the Accused Products. Standardized representations were made to each putative class member through the standardized PDPs on each can of Accused Product. Further, Plaintiff's damages resulting from his purchase of the Accused Products are typical of the damages suffered by all members of the Oregon Subclass.

40.    Plaintiff is willing and prepared to serve the Court as a representative for the National Class and the Oregon Subclass to which he belongs, including all of the required material obligations and duties. Plaintiff will fairly and adequately protect the interests of the National Class and the Oregon Subclass, and has no interests adverse to or which directly or irrevocably conflicts with the other members of the National Class or the Oregon Subclass.

41.    Plaintiff's self-interests are co-extensive with, and not antagonistic to

the interests of the absent members of the National Class and the Oregon

Subclass. Plaintiff will represent and protect the interests of the National Class

and the Oregon Subclass.

42.    Plaintiff has engaged the services of Rick Klingbeil, PC. Counsel is

experienced in litigation, complex litigation, and class action cases, and will

protect the rights of and otherwise effectively represent the named class

representatives and absent National Class and Oregon Subclass Members.

43.    A class action is superior to all other available methods for the fair

and efficient adjudication of this controversy because joinder of all parties is

impracticable. The operative facts relating to Plaintiff and members of the

National Class and Oregon Subclass are the same, the damages suffered by

each of the National Class and Subclass Members are relatively small, the

expense and burden of individual litigation makes it inefficient and ineffective for

members of the National Class and Oregon Subclass to individually redress the

wrongs done to them, and proceeding as a class action will resolve hundreds of

thousands of claims in a manner that is fair to Defendant and to Class Members.

There will be no difficulty in the management of this case as a class action with a

National class consisting of members from all states, and as an Oregon Subclass

consisting of the same individuals who reside in the state of Oregon.

44.    Class Members may be notified of the pendency of this action by

several means, including posted notice at retail stores, on promotional websites

and social media related to Defendant's business, and through published notice.

45.    The prosecution of separate actions by individual Class and

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

Subclass Members would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for Defendant. Defendant has acted on grounds that apply generally to the National Class and the Oregon Subclass making equitable relief and relief based on fraud and unjust enrichment appropriate to the National Class as a whole, and equitable relief and relief based on Oregon Unlawful Trade Practices statutes appropriate to the Oregon Subclass as a whole.

## NATIONAL CLASS

## FIRST CLAIM FOR RELIEF

## (Fraud)

46.    Plaintiff realleges and incorporates by reference each of the allegations in paragraphs 1 through 45 above, and further alleges:

47.    Defendant made a misrepresentation of material fact when it falsely claimed on the PDP on the can of each Accused Product that it contained 9 ounces of drained tuna, when on average the cans contained substantially less. ("Misrepresentation").

48.    Defendant knew the Misrepresentation was false or, alternatively, made the Misrepresentation with reckless disregard as to its truth or falsity. Defendant had previously settled a lawsuit accusing it of underfilling its similar tuna products placed in 5 ounce cans, and had reason to know all of its tuna products should be inspected and monitored for underfilling and insufficient content.

49.    Defendant intended that Plaintiff and Class Members rely on the

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

Misrepresentation. The Misrepresentation was placed on the PDP of each Accused Product, which the FDA explains is "the part of a label that is most likely to be displayed, presented, shown, or examined under customary conditions of display for retail sale."  Defendant is a sophisticated and long-standing food manufacturer and seller with 100 years of industry experience, and is familiar with the FDA rules and regulations at issue.

50.    Plaintiff and Class Members did not know or have reason to know the falsity of the Misrepresentation. Determination of underfilling or of insufficient drained weight requires legal and technical knowledge and equipment beyond the general knowledge and possession of a typical class member.

51.    The product quantities and information listed on the PDP of the Accused Product are placed there in compliance with federal regulations that are intended in large part to inform consumers.  Plaintiff and Class Members therefore had a right to rely on the information, and did so rely when purchasing Accused Products.

52.    Plaintiff's and Class Members' reliance on Defendant's Misrepresentations proximately caused them to suffer damages and losses.

53.    Plaintiff and Class Members intend to amend this *Complaint* pursuant to ORCP 32 J to see monetary damages caused by Defendant's fraud if, after the expiration of 30 days from serving Notice under ORCP 32 H, Defendant has not taken the appropriate actions specified by ORCP 32 I.

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

**NATIONAL CLASS**

**SECOND CLAIM FOR RELIEF**

**(Unjust Enrichment)**

54.    Plaintiff realleges and incorporates by reference each of the allegations in paragraphs 1 through 45 above, and further alleges:

55.    Defendant has received a benefit and been unjustly enriched through retention of funds from sales of Accused Products to Plaintiff and Class Members.

56.    Defendant's retention of funds is unjust and inequitable because Defendant misrepresented: (a) that the Accused Product contained an adequate quantity of tuna for the size and volume of the can; (b) that the Accused Products were legal for sale in the United States and complied with applicable laws and regulations; and (c) that the Accused Products contained 9 ounces of drained tuna.

57.    Defendant's unjust enrichment came at the expense of Plaintiff and Class Members.

58.    Plaintiff and Class Members intend to amend this *Complaint* pursuant to ORCP 32 J to seek restitution of benefits unjustly retained by Defendant if, after the expiration of 30 days from serving Notice under ORCP 32 H, Defendant has not taken the appropriate actions specified by ORCP 32 I.

**OREGON SUBCLASS**

**THIRD CLAIM FOR RELIEF**

**(ORS §646.608 - Unlawful Trade Practices)**

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

59.     Plaintiff realleges and incorporates by reference each of the allegations in paragraphs 1 through 45 above, and further alleges:

60.     By engaging in the practices described herein, Defendant has violated and continues to violate the Oregon Unlawful Trade Practices Act, ORS §646.608 in one or more of the following ways:

a.      Defendant represented that goods have approval, characteristics, ingredients, quantities or qualities that they do not have in violation of ORS §646.608(1)(e);

b.      Defendant made false or misleading representations of fact concerning the offering price of, or the persons cost for goods, in violation of ORS §646.608(1)(s);

c.      Defendant engaged in unfair or deceptive conduct in trade or commerce proscribed by rules established by the Oregon Attorney General, in violation of ORS §646.608(1)(u).

The Oregon Attorney General has adopted the FDA's requirements for food and supplement labeling, and applicable to Defendant's misconduct. Specifically, OAR 603-025-0190 states:

"rules governing food identity, *** and labeling of or in food adopted by the Food and Drug Administration of the U.S. Department of Health and Human Services, are hereby adopted as the rules governing this subject matter in Oregon. *** The adopted federal programs and standards are those set forth in the 2015 version, Title 21, Chapter 1, Parts 1, 7, 70, 73, 74, 81, 82 and 100 through 199, of the Code of Federal Regulations."

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

Defendant violated the labeling requirements set forth in 21 C.F.R. §101.7(a), ("The principal display panel of a food in package form shall bear a declaration of the net quantity of contents") and 21 C.F.R. §101.7(g), ("The declaration shall accurately reveal the quantity of food in the package exclusive of wrappers and other material packed therewith….".) Defendant also violated 21 C.F.R. §161.190(c) related to underfilling cans of its Accused Product.

Violation of these federal regulations constitutes an unfair or deceptive conduct in trade or commerce proscribed by rules established by the Oregon Attorney General, in violation of ORS §646.608(1)(u).

61.    Defendant had engaged in similar unlawful conduct with respect to its 5 ounce cans of solid and chunk tuna in the recent past. Defendant's violations now at issue were the result of a reckless or knowing use or employment of a method, act, or practice declared unlawful by ORS §646.608(1)(e), (s), or (u).

62.    Plaintiff and Class Members have sustained an ascertainable loss of money or property as a result of Defendant's violations.

63.    Plaintiff and Oregon Subclass Members are entitled to injunctive relief pursuant to ORS §646.638(8)(c).

64.    Plaintiff and Class Members intend to amend this *Complaint*

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

pursuant to ORCP 32 J to seek monetary damages if, after the expiration of 30 days from serving Notice under ORCP 32 H, Defendant has not taken the appropriate actions specified by ORCP 32 I.

## REQUEST FOR RELIEF

Plaintiff seeks the following for himself, the National Class, and the Oregon Subclass Members:

### <u>Case Management</u>

An Order from this Court:

A.    Certifying this action as a class action as set forth above, or as a class action or issue class as otherwise deemed appropriate by the Court pursuant to a Motion to Certify Class Action to be filed by Plaintiff in this case;

B.    Appointing Plaintiff as a Representative for both the National Class and the Oregon Subclass;

C.    Approving counsel listed herein as class counsel for the National Class and the Oregon Subclass.

D.    Setting a trial by jury for all issues so triable.

### <u>Injunctive / Equitable Relief</u>

### <u>(National Class - All claims)</u>

An Order from this Court:

E.    Granting a temporary and permanent injunction enjoining Defendant from engaging in further misconduct of the type at issue in this action nationwide, and within the State of Oregon. Specifically, Defendant should be enjoined from selling mislabeled, and underfilled and underweight cans of the Accused

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

Products as alleged in this *Complaint*.

## **Injunctive / Equitable Relief**

## **(Oregon Subclass - ORS §646.608(1) *et seq*.)**

An order from this Court:

F.      Granting a temporary and permanent injunction enjoining Defendant

from engaging in any further violations of ORS §646.608(1) *et seq*. within the

state of Oregon pursuant to ORS §646.638(8)(c).

**Dated:**  September 8, 2017.

Rick Klingbeil, PC

/s/ Rick Klingbeil

_____
Rick Klingbeil, OSB#933326
Of Attorneys for Plaintiff
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com